**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:20-CV-00481-CHL**

**DEBORAH L. LUCAS,**                                                      **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,[1]**                           **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion for an award of $2,989.00 for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (DN 26.)  Defendant does not oppose the motion.  (DN 27.)  This matter is ripe for review.

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  An application for fees must include: "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award ... and (3) a statement of the amount sought together with an itemized account of time expended and rates charged."  *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)).  The party also must allege that the United States' position was not substantially justified.  *Id.*

---

[1] As Kilolo Kijakazi is now the Acting Commissioner of Social Security in place of Andrew Saul, she is automatically substituted as the Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).  The Court will direct the Clerk to change the case caption to reflect the substitution.

Here, Plaintiff's motion satisfies these requirements. First, she is a prevailing party following this Court's remand under sentence four of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA."). Second, Plaintiff is eligible to receive an award under the EAJA because her "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). (*See* DN 26-1, at PageID # 2963.) Third, Plaintiff's counsel provided an itemized account of the 21.35 expended on this case and seeks payment at a rate of $140.00 per hour for those hours. (DN 26-4, at PageID # 2966–69.) Finally, Plaintiff alleges that the position of the United States was not substantially justified, which Defendant does not dispute. (DN 26-6, at PageID # 2975–76.) The claimed number of hours is consistent with what would be expected in this case and the Court finds that they are reasonable and compensable under the EAJA. Additionally, the requested rate of payment is consistent with the prevailing market rates in the Western District of Kentucky. *Carter v. Comm'r*, No. 4:15-CV-00058-HBB, 2019 WL 4169895, at *6 (W.D. Ky. Sept. 3, 2019) (finding that the standard rate in Kentucky is $140 per hour).

The Parties request that the fees be paid directly to Plaintiff in accordance with the Treasury Offset Program, 31 U.S.C. § 3716. *See Astrue v. Ratfliff*, 560 U.S. 586, 589 (2010) ("[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes to the United States.").

Accordingly,

IT IS HEREBY ORDERED as follows:

1. DN 26 is **GRANTED**.

2. Plaintiff Deborah L. Lucas is awarded $2,989.00 in accordance with the EAJA, subject to offset for pre-existing debt to the United States.

3. Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the Defendant in place of Andrew Saul, and the Clerk is directed to change the case caption to reflect the substitution.

Colin H Lindsay, Magistrate Judge
United States District Court

October 7, 2021

cc: Counsel of record